Filed 3/3/16  P. v. Puckett CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT PUCKETT,<br><br>    Defendant and Appellant. | B263551<br><br>(Los Angeles County<br>Super. Ct. No. YA083558) |

THE COURT:[*]

Robert Lee Puckett (defendant) appeals from his convictions of committing a lewd or lascivious act on a child under the age of fourteen years (Pen. Code, § 288, subd. (a));[1] and twice committing a lewd or lascivious act on a child of fifteen years (§ 288, subd. (c)(1)).  Defendant has, via appointed counsel, filed a brief asking this court to conduct an independent review of the record, i.e., a review similar to that required by *People v. Wende* (1979) 25 Cal. 3d 436, and determine if there are any issues in the record deserving of further briefing.  After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.  On October 7, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished

---

[*]    BOREN, P.J.,            ASHMANN-GERST, J.,            HOFFSTADT, J.

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

us to consider. Defendant requested and was granted two time extensions until January 26, 2016, in order to file a brief. No response has been received to date.

## FACTUAL AND PROCEDURAL BACKGROUND

On or around December 24, 2011, defendant had sexual intercourse with a 15-year-old girl in a hotel room. At some time between Christmas and New Years Eve of 2011, defendant again had sexual intercourse with the 15-year-old and also attempted to have intercourse with her 11-year-old stepsister. The 15-year-old's mother later found text messages from defendant on her daughter's phone in which he referred to having sex with both girls.

The People charged defendant with one count of forcible rape on the 15-year-old girl (§ 261, subd. (a)(2)); two counts of committing a lewd or lascivious act on the 15-year-old girl, one for each time he had sex with her (§ 288, subd. (c)(1)); and one count of committing a lewd and lascivious act on a child under the age of 14 years, for having sexual contact with the 11-year-old girl (§ 288, subd. (a)).

The jury hung on the forcible rape charge, but convicted defendant of the remaining charges. The court sentenced defendant to 7 years and four months in prison, comprised of 6 years on the under-14 count and consecutive sentences of eight months on each of the over-14 counts.

## DISCUSSION

We have reviewed the entire record and have found only one arguable issue; the other two possible issues for appeal lack merit.

First, defendant could challenge the trial court's denial of his motion to exclude evidence of some of the text messages between himself and the 15-year-old girl. Defendant had moved to exclude that evidence on two grounds: (1) the People had not preserved *all* of the text messages between the two, in violation of its duty under federal due process not to destroy exculpatory evidence (see *California v. Trombetta* (1984) 467 U.S. 479 (*Trombetta*); *Arizona v. Youngblood* (1988) 488 U.S. 51 (*Youngblood*)); and (2) the People did not sufficiently authenticate the text messages. The trial court rejected both arguments.

2

We conclude there was no error with these rulings. Although law enforcement has a duty not to destroy evidence that "possesses an exculpatory value that was apparent" before its destruction and that is unavailable through "comparable evidence" (*Trombetta*, *supra*, 467 U.S. at p. 489), that duty is not violated by the failure to preserve "potentially useful evidence" unless the police acted in "bad faith" (*Youngblood*, *supra*, 488 U.S. at p. 58). The trial court concluded that defendant had not established that the unpreserved text messages were exculpatory or that they were destroyed in bad faith. We have no basis to disturb this conclusion. A writing may be authenticated either by evidence that it was received in response to a communication or that it refers to matters unlikely to be known by the purported author. (Evid. Code, §§ 1420 & 1421.) The 15-year-old testified that defendant sent his incriminating text messages in response to her messages, and that he referred to having sex with both girls. This is sufficient to authenticate the text messages as originating from him.

Second, defendant could argue that the second count of lewd and lascivious conduct involving the 15-year-old girl is invalid because the charging document alleges that the conduct occurred in January 2012, while the evidence at trial indicated that the conduct occurred the last week of December 2011. This discrepancy does not raise an arguable issue, however, because the charging document alleged that the conduct occurred "on or about" January 2012 and because the jury was properly instructed that "the People are not required to prove that the crime took place exactly on that day but only that it happened reasonably close to that day."

Lastly, defendant could argue that the abstract of judgment contains a clerical error because it refers to defendant's two convictions against the 15-year-old girl as "Forcible Rape-Child" rather than "Lewd Act Upon A Child." This argument has merit. Accordingly, the clerk of the superior court is directed to correct the abstract of judgment to reflect the appropriate description of the convictions for the violation of Penal Code section 288, subdivision (c)(1).

With this correction, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.